1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH PEREZ, | Case No. 2:18-cv-02077-KJD-VCF |
| Petitioner, | **ORDER** |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF NEVADA, | |
| Respondent. | |

**I.      Introduction and Procedural Motions**

This is a habeas corpus action under 28 U.S.C. § 2254.  Before the court are three

motions.  First is respondents' unopposed motion for enlargement of time (second request) (ECF

No. 21).  The court grants this motion.

Second is respondents' motion for leave to file exhibits under seal (ECF No. 31).  Exhibits

93-99 are <u>ex parte</u> orders that were sealed in the state district court.  Exhibits 100 and 101 are the

pre-sentence investigation report and the victim-impact statements.  These documents contain

confidential information.  The court finds compelling reasons to file these documents under seal.

See <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006).  The court thus

grants this motion.

1      Third is respondents' motion to dismiss (ECF No. 22).  Petitioner has filed an opposition,

2   and respondents have filed a reply.  The court finds that petitioner has not exhausted both grounds

3   of the first amended petition (ECF No. 14), that state law would procedurally bar these grounds if

4   petitioner returned to state court, and that the grounds are technically exhausted but procedurally

5   defaulted.  The court will defer until the answer and reply whether petitioner can show cause and

6   prejudice to excuse the procedural defaults.

7   **II.      Procedural History**

8      Petitioner was charged in state district court with one count each of conspiracy to commit

9   murder, burglary, murder with the use of a deadly weapon, victim 60 years of age or older, first-

10  degree kidnapping with the use of a deadly weapon, victim 60 years of age or older, robbery with

11  the use of a deadly weapon, victim 60 years of age or older, grand larceny auto, and possession of

12  a credit card or debit card without the cardholder's consent.  Ex. 4 (ECF No. 23-4).[1]  The

13  prosecution sought the death penalty.  Ex. 13 (ECF No. 23-13).

14     Petitioner filed a motion to declare defendant mentally retarded.  Ex. 40 (ECF No. 25-1).

15  If the state district court granted the motion, then petitioner would have been ineligible for the

16  death penalty.  See Atkins v. Virginia, 536 U.S. 304 (2002).  The state district court did not rule

17  on the motion because petitioner accepted a plea agreement that removed the death penalty.

18     Both petitioner and his co-defendant Autumn Cole jointly agreed to plead guilty.  The

19  agreements were contingent upon both defendants pleading guilty and the state district court

20  following the negotiations.  If the court did not follow the negotiation to one party, then that party

21  would withdraw the plea, and the other party's plea agreement also would be unwound.  Ex. 57 at

22  2-3 (ECF No. 25-18 at 3-4).  Petitioner agreed to plead guilty to one count of first-degree murder

23  with the use of a deadly weapon.  Ex. 56 at 1 (ECF No. 25-17 at 2).  He stipulated to a sentence of

24  life imprisonment without the possibility of parole for first-degree murder.  Id.  He stipulated to a

25  consecutive sentence with a minimum term of 8 years and a maximum term of 20 years for the

26  use of a deadly weapon.  Id.  The state district court accepted his plea.  Ex. 57 at 6 (ECF No. 25-

27

28  [1] Petitioner had two co-defendants.

2

1    18 at 7). The state district court then convicted petitioner and entered a judgment of conviction

2    on October 9, 2015. Ex. 60 (ECF No. 25-21).

3        Petitioner filed a notice of appeal. Ex. 61 (ECF No. 25-22). The Nevada Supreme Court

4    dismissed the appeal because petitioner filed the notice of appeal after the 30-day time to appeal

5    had expired. Ex. 65 (ECF No. 25-26).

6        On April 17, 2017, petitioner filed in the state district court a motion for appointment of

7    specific counsel to represent him in post-conviction proceedings. Ex. 68 (ECF No. 25-29). The

8    state district court appointed counsel. Ex. 2 (ECF No. 23-2 at 41) (court minutes). Petitioner then

9    filed a counseled supplement to the post-conviction petition for a writ of habeas corpus. Ex. 71

10   (ECF No. 25-32).[2] The state district court denied the petition because petitioner's guilty plea was

11   a waiver to his sole claim of relief and because the petition was untimely. Ex. 77 (ECF No. 26-6).

12   Petitioner appealed, and the Nevada Supreme Court affirmed on March 14, 2019. Ex. 90 (ECF

13   No. 26-19).

14       On October 26, 2018, while the appeal from the denial of the state post-conviction petition

15   was pending, the court received petitioner's initial, proper-person petition for a writ of habeas

16   corpus under 28 U.S.C. § 2254. ECF No. 1. The court appointed counsel, and petitioner filed a

17   counseled amended petition on January 9, 2020. ECF No. 14. The amended petition contains

18   two grounds. Ground 1 is a claim that trial counsel was ineffective because trial counsel did not

19   move to withdraw petitioner's plea, which was not knowing, voluntary, or intelligent. ECF No.

20   14 at 8-10. Ground 2 is a claim that petitioner's plea was not knowing, voluntary, or intelligent;

21   the claim emphasizes the plea colloquy in light of petitioner's intellectual disability. ECF No. 14

22   at 10-13.

23   **III.    Legal Standard**

24       **A.    Exhaustion**

25       Before a federal court may consider a petition for a writ of habeas corpus, the petitioner

26   must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for

27   _____

28   [2] It appears that petitioner did not file an initial post-conviction habeas corpus petition, just the motion for
     appointment of counsel. The supplement, though titled as such, was the only post-conviction petition filed in the
     state district court.

3

1  relief, a petitioner must fairly present that ground to the state's highest court, describing the

2  operative facts and legal theory, and give that court the opportunity to address and resolve the

3  ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

4  U.S. 4, 6 (1982).

5  **B.      Procedural Default**

6       A federal court will not review a claim for habeas corpus relief if the decision of the state

7  court regarding that claim rested on a state-law ground that is independent of the federal question

8  and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

9
> In all cases in which a state prisoner has defaulted his federal claims in state court
10
> pursuant to an independent and adequate state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can demonstrate cause for the
> default and actual prejudice as a result of the alleged violation of federal law, or
11
> demonstrate that failure to consider the claims will result in a fundamental
> miscarriage of justice.
12

13  Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon

14  which the Nevada Supreme Court would rely in this case are adequate and independent state

15  rules.  Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland

16  v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d

17  1261 (9th Cir. 1996) (same).

18  **IV.    Discussion**

19  **A.      Ground 1**

20  **1.      Ground 1 is technically exhausted**

21       Petitioner acknowledges that he has not presented ground 1 to the state courts.  ECF No.

22  14 at 8.  The ground is unexhausted.  However, petitioner notes that if he returned to state court to

23  exhaust this claim, then the state courts would find his new post-conviction petition to be

24  untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810.  Both

25  of those statutes allow a court to excuse the procedural bars upon a showing of cause and

26  prejudice.  Petitioner notes that his only argument for cause and prejudice is the ineffective

27  assistance of post-conviction counsel.  ECF No. 27 at 3 n.13.  The Nevada Supreme Court does

28  not accept ineffective assistance of post-conviction counsel as an excuse to the procedural bars in

1    a case like petitioner's.  Brown v. McDaniel, 331 P.3d 867 (Nev. 2014).  Consequently, no

2    available procedure remains for petitioner to raise the claim in the state courts.  See 28 U.S.C.

3    § 2254(c).

4                **2.        Ground 1 is procedurally defaulted**

5         Because the state courts would deny relief based upon state-law reasons that are adequate

6    and independent of federal law, ground 1 is procedurally defaulted.  This court cannot consider

7    ground 1 unless petitioner can show cause and prejudice.

8         In federal courts the ineffective assistance of post-conviction counsel can be cause and

9    prejudice to excuse a procedurally defaulted claim of ineffective assistance of trial counsel.

10   Martinez v. Ryan, 566 U.S. 1 (2012).  Petitioner makes this argument.  ECF No. 27 at 4-7.

11   Respondents ask the court to defer resolution of the Martinez issue until the petition is briefed

12   fully on the merits.  ECF No. 30 at 3.  The court agrees and will follow that procedure.

13           **B.        Ground 2**

14               **1.        Ground 2 is technically exhausted**

15        Ground 2 is technically exhausted for the same reason that ground 1 is technically

16   exhausted:  The state courts would apply state-law procedural bars to deny relief.

17               **2.        Ground 2 is procedurally defaulted**

18        Ground 2 is procedurally defaulted for the same reason that ground 1 is procedurally

19   defaulted.  Petitioner will need to show cause and prejudice.

20        Respondents argue that Martinez does not apply to ground 2.  Respondents are correct that

21   Martinez applies only to procedurally defaulted claims of ineffective assistance of trial counsel,

22   and ground 2 is a claim that petitioner's plea was unknowing, involuntary, and unintelligent based

23   upon petitioner's intellectual disability and the trial court's plea canvass.

24        However, petitioner's argument, though incomplete, provides a basis for showing cause

25   and prejudice to excuse the procedural default of ground 2.  If, under Martinez, petitioner can

26   excuse the procedural default of ground 1, then petitioner will have a claim that trial counsel

27   failed to move to withdraw petitioner's plea as unknowing, involuntary, and unintelligent.  That

28   claim can provide the cause and prejudice to excuse the procedural default of ground 2, which is

the underlying claim that the plea was unknowing, involuntary, and unintelligent.  See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (argument for cause to excuse a procedural default must itself not be procedurally defaulted).  It would be premature to dismiss ground 2 now without first determining whether petitioner can excuse the procedural default of ground 1.  Consequently, as with ground 1, the court will defer until the petition is fully briefed on the merits before ruling on the procedural default of ground 2.

**V.      Conclusion**

IT THEREFORE IS ORDERED that respondents' unopposed motion for enlargement of time (second request) (ECF No. 21) is **GRANTED**.

IT FURTHER IS ORDERED that respondents' motion for leave to file exhibits under seal (ECF No. 31) is **GRANTED**.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 22) is **GRANTED** in part.  Grounds 1 and 2 are actually unexhausted, but they are technically exhausted because they would be procedurally barred by the state courts.

IT FURTHER IS ORDERED that the court defers consideration of whether petitioner can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default of grounds 1 and 2 until after the filing of an answer and reply in this action.

It further is ordered that, within 60 days of entry of this order, respondents must file an answer addressing all claims in the amended petition on the merits under a de novo standard of review, and also addressing whether grounds 1 and 2 are barred by procedural default under federal law.

It further is ordered that petitioner will have 30 days from service of the answer within which to file a reply.

DATED:      March 22, 2021

_____
KENT J. DAWSON
United States District Judge

6